UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PAUL E. POLLARD,<br><br>           Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>           Defendant. | CASE NO. C05-1481RSM-MJB<br><br>REPORT AND<br>RECOMMENDATION |

Plaintiff Paul Pollard appeals to the District Court for review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for Disability Insurance Benefits ("DIB") from December 17, 1997 to January 2000 under Title II of the Social Security Act.[1]  For the reasons set forth below, it is recommended that the Commissioner's decision be REVERSED and the case be REMANDED for an award of benefits.

I. PROCEDURAL HISTORY

Plaintiff filed for DIB on December 18, 1997.  (Tr. 74-76).  Plaintiff initially alleged that he had been disabled since October 27, 1997, due to fibromyalgia and chronic fatigue syndrome.

---

[1] Plaintiff was previously awarded disability benefits as of January 2000.  (Tr. 509).

REPORT AND RECOMMENDATION
PAGE - 1

(Tr. 74). Plaintiff later agreed to an onset date of December 17, 1997. (Dkt. #12 at 4 - Plaintiff's Reply Brief). Plaintiff's DIB application was denied initially and on reconsideration. (Tr. 62-66, 69-71). A hearing was held before administrative law judge ("ALJ") John F. Bauer on April 1, 1999. (Tr. 36-61, 305-330). Plaintiff, represented by counsel, testified at the hearing. (Tr. 36-61, 305-330). Plaintiff's wife, Diane Pollard ("Mrs. Pollard"), while present as a witness, did not testify. (Tr. 38, 307). On June 19, 1999, the ALJ issued a decision finding Plaintiff was not disabled at Step 2 because he failed to establish a severe impairment significantly limiting his ability to work. (Tr. 10-22, 288-297). Plaintiff's request for review by the Appeals Council was denied. (Tr. 8-9, 298-99, 5-6, 300-02).

Plaintiff subsequently sought judicial review in District Court (No. C01-661P) and, based upon a stipulated agreement, this Court remanded the case for further administrative proceedings. (Tr. 331-33). A second hearing was held before ALJ John F. Bauer on August 1, 2002. (Tr. 427-481). Plaintiff, represented by counsel, testified at the hearing. (Tr. 427-481). Mrs. Pollard, medical expert Marvin Wolf, M.D., and vocational expert Paul Tomita, also testified at the hearing. (Tr. 427-481). On September 24, 2002, the ALJ issued a decision finding that although Plaintiff suffered from fibromyalgia, he was nevertheless not disabled at Step 4 because he retained a residual functional capacity ("RFC") to perform a significant range of sedentary work. (Tr. 265-277). Plaintiff's request for review by the Appeals Council was denied. (Tr. 240-41).

On August 4, 2004, Plaintiff again sought judicial review in District Court (No. C04-0104C). (Tr. 508). United States Magistrate Judge Mary Alice Theiler issued a Report and Recommendation to remand Plaintiff's case for an award of benefits as of January 2000 and for further proceedings to determine whether Plaintiff was disabled for the relevant time period prior to that date. (Tr. 510-527). On September 13, 2004, the District Court adopted Magistrate

REPORT AND RECOMMENDATION
PAGE - 2

Judge Theiler's Report and Recommendation. (Tr. 509). Pursuant to the Order of Remand, the Appeals Council sent Plaintiff's case back to the Office of Hearings and Appeals. (Tr. 528-29). ALJ M. J. Adams was assigned to Plaintiff's case. (Tr. 534-538).

A third hearing was conducted before ALJ Adams on March 25, 2005. (Tr. 577-629). Plaintiff, represented by counsel, testified at the hearing. (Tr. 577-629). Mrs. Pollard and Phillip Rodriguez ("Mr. Rodriguez), a vocational expert, also testified at the hearing. (Tr. 577-629). On June 24, 2005, the ALJ issued a decision finding Plaintiff was not disabled at Step 4 because he retained the ability to perform a full range of light work, including his past work as a customer service representative or mortgage broker. (Tr. 503-04). Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 482-84). Plaintiff now seeks judicial review in this Court.

## II. THE PARTIES' POSITIONS

Plaintiff requests that the Court reverse the Commissioner's decision and remand for an award of retroactive benefits from December 17, 1997 to January 1, 2000 or, in the alternative, remand the case to a different ALJ for further administrative proceedings. Plaintiff argues that the ALJ erred by: 1) improperly exceeding the scope of this Court's Order of Remand by finding Plaintiff was not under a disability at any time through the date of his decision, 2) ignoring the law of the case by finding that Plaintiff was capable of performing his past relevant work, 3) rejecting the opinions of Plaintiff's attending rheumatologist, Philip Mease, M.D., 4) finding Plaintiff and his wife not credible, 5) failing to address the credibility of the lay witness testimony, and 5) failing to award disability benefits for the period from December 17, 1997 to January 1, 2000.

The Commissioner concedes that the ALJ erred: 1) by adjudicating a longer period of time than was properly before him, 2) in his assessment of the severity of Plaintiff's mental

REPORT AND RECOMMENDATION
PAGE - 3

impairments, and 3) in his consideration of medical opinions, Plaintiff's credibility, and lay evidence. The Commissioner argues, however, that remand for further administrative proceedings is the appropriate remedy to address the errors in the ALJ's decision.

### III. STANDARD OF REVIEW

The Court may set aside the Commissioner's denial of social security disability benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker,* 694 F.2d 639, 642 (9th Cir. 1982).

### IV. EVALUATING DISABILITY

The claimant bears the burden of proving that he is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423 (d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920. At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the claimant must establish that he or she has one or more medically severe impairments or combination of impairments. If the claimant does not have a "severe" impairment, he or she is not disabled. *Id.*

at § (c). At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. A claimant who meets one of the listings is disabled. *See Id.* at § (d).

At step four, if the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. *Id.* at § (e). If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled.

## V.  SUMMARY OF THE RECORD

Plaintiff was forty-four (44) years old on the alleged onset date and fifty-two (52) years old at the time the ALJ issued the most recent decision. (Tr. 74, 498-504). Plaintiff has a high school education. (Tr. 78-83). Plaintiff has worked as a customer service representative, mortgage loan officer, mortgage manager, instructor, and clergy member. (Tr. 92-97, 555-57). The evidence relevant to Plaintiff's allegations of disability is incorporated in the discussion.

## VI.  THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the onset of his alleged disability. (Tr. 504). At step two, the ALJ determined that Plaintiff's fibromyalgia is a severe impairment. *Id.* At step three, the ALJ determined that Plaintiff's sufficiently severe impairments did not meet or equal any of the impairment listings under the federal regulations. *Id.* At step four, the ALJ evaluated Plaintiff's RFC and

determined that he could perform a full range of light work, including his past relevant work. *Id.* The ALJ therefore concluded that Plaintiff was not disabled and ended his analysis at step four.

## VII.  DISCUSSION

The parties agree that the ALJ erred: 1) by adjudicating a longer period of time than was properly before him, and 2) in his consideration of medical opinions, Plaintiff's credibility, and lay evidence. The Commissioner also determined that the ALJ erred in his assessment of the severity of Plaintiff's mental impairments. The parties disagree, however, with whether the appropriate remedy is to remand the case for further proceedings or for an immediate payment of benefits.

The decision whether to remand a case for further proceedings or simply to award benefits is in the Court's discretion. *Varney v. Secretary of Health and Human Services,* 859 F.2d 1396, 1399 (9th Cir. 1988). The Court may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose. *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir. 1989). In determining when evidence should be credited and an immediate award of benefits directed, the Court applies the following three-part test: 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harmon v. Apfel,* 211 F.3d 1172, 1178 (9th Cir. 2000), citing *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir. 1996). The decision to remand Plaintiff's case for further proceedings depends on the utility of such proceedings. *Id.* at 1179. Each element of the *Smolen* Test will be considered in turn.

REPORT AND RECOMMENDATION
PAGE - 6

Part 1: Were there legally sufficient reasons for rejecting such evidence?

A. Medical Testimony

Plaintiff contends that Dr. Mease's letter finding Plaintiff disabled between December 17, 1997 and January 1, 2000 should be credited as true. The Commissioner concedes the ALJ erred when he rejected Dr. Mease's letter without justification. (Dkt. #11 at 8 – Defendant's Memorandum Requesting Remand). Nevertheless, the Commissioner contends that the record contains other, conflicting opinions. (Dkt. #11 at 9). Namely, the Commissioner points to the following conflicting opinions: Jacqueline Farwell, M.D. ("Dr. Farwell"), a program physician, opined in September 1998 that Plaintiff had no neurological impairment. (Tr. 191). R. Steven Singer, M.D. ("Dr. Singer") opined in March 1999 that Plaintiff's pain was not in fibromyalgia tender points. (Tr. 200). And, Dr. Mease had earlier observed that Plaintiff's tender points were mild and involved control points. (Tr. 227).

An ALJ can reject a controverted treating physician's opinion only if there are specific, legitimate reasons based on substantial evidence in the record. *See Andrews v. Shalala,* 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler,* 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden, the ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes,* 881 F.2d at 751. "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen,* 849 F.2d 418, 421-22 (9th Cir. 1988). Where an ALJ can provide no adequate reasons for rejecting the treating physician's opinions, those opinions are credited as a matter of law. *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)(citations omitted). This Court, however, retains flexibility in applying 'credited as true' theory. *See Connett v. Barnhart,* 340 F.3d 871, 876 (9th Cir. 2003).

REPORT AND RECOMMENDATION
PAGE - 7

Dr. Mease's testimony must be credited as true because the ALJ failed to state specific, legitimate reasons based on substantial evidence in the record to reject his testimony. In a letter to Plaintiff's counsel on April 27, 2005, Dr. Mease concluded that, after reviewing his own records and other selected documents, Plaintiff's fibromyalgia and chronic fatigue syndrome had been "active, ongoing and disabling since December 1997." (Tr. 567-73). Simply put, Plaintiff was disabled since December 17, 1997. (Tr. 567-73).

The law is clear in this circuit that the ALJ must defer to the treating doctor's opinion, even if controverted by another doctor, unless the ALJ makes findings setting forth specific, legitimate reasons for rejecting it that are based on substantial evidence in the record. *See Lester,* 81 F.3d at 830-31. Here, the ALJ rejected Dr. Mease's opinion without providing reasons for doing so. (Tr. 500-01). Furthermore, the medical opinions contradicting Dr. Mease's letter are questionable. Dr. Farwell's finding that Plaintiff had no neurological impairment is unpersuasive because fibromyalgia is not a neurological disorder. (Dkt. #12 at 4). And, while Dr. Singer questioned Plaintiff's fibromyalgia diagnosis, Dr. Singer is a neurologist, not a rheumatologist. (Dkt. #12 at 4). Therefore, Dr. Mease's opinion that Plaintiff was disabled with fibromyalgia since December 17, 1997 should be credited as true.

B. Plaintiff's Credibility

Plaintiff contends that the ALJ both failed to meet his burden for rejecting Plaintiff's testimony and "cherry-picked" facts "to construct the illusion of a normal healthy lifestyle." (Dkt. #10 at 10). The Commissioner concedes the ALJ erred by not considering several relevant factors when he determined Plaintiff's testimony was not credible. (Dkt. #11 at 11). However, the Commissioner argues that remand is appropriate so the ALJ can reconsider, among other things, Plaintiff's inability to perform basic household chores. (Dkt. #11 at 11).

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to

REPORT AND RECOMMENDATION
PAGE - 8

reject a claimant's testimony. *See Verdigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir. 2001). If an ALJ finds a claimant to be unreliable, this determination must be supported by substantial evidence. *See Lester,* 81 F.3d at 834. Thus, an ALJ must "build an accurate and logical bridge from the evidence to her conclusions so that the Court may afford the claimant meaningful review of the SSA's ultimate findings." *Blakes v. Barnhart,* 331 F.3d 565, 569 (7th Cir. 2003). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Security Administration,* 119 F.3d 789, 792 (9th Cir. 1997). Finally, a claimant's testimony may be credited as true where the ALJ improperly rejects the claimant's testimony as to his or her limitations. *Lester,* 81 F.3d at 834.

Here, Plaintiff's testimony must be credited as true because the ALJ failed to provide convincing reasons to reject Plaintiff's testimony. The ALJ did clearly list a number of activities that suggest a "disconnection between [Plaintiff's] alleged limitations and the level of daily activities" in which he was engaged. (Tr. 502). These activities include, among others, Plaintiff's position as a pastor, his ability to wash dishes, pick up the trash, return phone calls, and take care of the family's pets. (Tr. 502). As the Commissioner concedes, however, the ALJ failed to address several other factors also relevant to Plaintiff's credibility. (Dkt. #11 at 11). These factors include, among others, Plaintiff's inability to: meet with parishioners for more than a few hours per week, walk the dogs more than twice a week, walk more than five blocks, sit for prolonged periods of time, vacuum, garden, or do maintenance. (Tr. 599, 603).

While the ALJ did provide a number of clear reasons why Plaintiff's testimony was not credible, these reasons were not convincing because so many factors relevant to Plaintiff's

physical limitations were left out. Therefore, the Commissioner argues that remand is appropriate to reassess Plaintiff's credibility. (Dkt. #11 at 11). Remanding this case for reconsideration of Plaintiff's credibility would serve little use because the facts in the record have been fully developed. Moreover, the facts in the record that were omitted from the ALJ's decision only add support to Plaintiff's testimony. Therefore, according to *Lester,* the appropriate action is to credit Plaintiff's testimony as true. *See Lester,* 81 F.3d at 834.

C. Lay Witness Testimony

Plaintiff argues the ALJ erred by failing to address the credibility of lay witness testimony. (Dkt. #10 at 11). Plaintiff contends not only that the lay witness statement from Will O'Keefe ("Mr. O'Keefe") should be credited as true, but also that Mr. O'Keefe's statement supplements Plaintiff's testimony describing his physical limitations. (Dkt. #12 at 12). The Commissioner concedes the ALJ erred by not mentioning any of the lay witness statements in his decision. (Dkt. #11 at 12). Nevertheless, the Commissioner contends that, even if Mr. O'Keefe's statement is credited as true, it does not lead to a conclusion that Plaintiff was disabled from December 17, 1997 to January 1, 2000. (Dkt. #11 at 12).

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel,* 236 F.3d 503, 511, (9th Cir. 2001). As mentioned, this Court retains flexibility in applying the 'credited as true' theory. *See Connett,* 340 F.3d at 876.

There is not enough information to determine whether Mr. O'Keefe's statement should be credited as true. The ALJ never mentions Mr. O'Keefe's statement in his decision. (Tr. 498-504). Based upon this omission, it is unclear whether the ALJ considered Mr. O'Keefe's statement and then disregarded it, or whether the ALJ never considered Mr. O'Keefe's statement

REPORT AND RECOMMENDATION
PAGE - 10

at all. Mr. O'Keefe's written statement is particularly relevant because it addresses Plaintiff's symptoms between 1997 and 2000. (Tr. 354). Specifically, Mr. O'Keefe observed that Plaintiff was "whipped" day-in and day-out from tasks such as picking his wife up from work. (Tr. 354). Nevertheless, Mr. O'Keefe's statement is not dispositive because it merely supplements Dr. Mease's testimony that Plaintiff was disabled during the relevant time frame. Thus, even without Mr. O'Keefe's statement, there is enough evidence on the record to make a disability determination.

Part 2: Are there outstanding issues to resolve before a determination of disability can be made?

There are no outstanding issues to resolve because, considering Plaintiff's testimony and Dr. Mease's letter are to be credited as true, a determination of disability can be made. The Commissioner concedes that the ALJ's RFC assessment is flawed and contends that remand is appropriate to reconsider Plaintiff's RFC. (Dkt. #11 at 13). Given the testimony to be credited as true, however, a remand to reconsider Plaintiff's RFC is unnecessary. First, Dr. Mease's letter stating that Plaintiff was disabled from December 17, 1997 to January 1, 2000 should be credited as true. And second, Plaintiff's testimony as to his limited physical abilities should be credited as true. When considering this evidence, in addition to Mrs. Pollard's testimony that Plaintiff's condition was relatively the same from 1997 to the present, there are no outstanding issues left to resolve. (Tr. 495-504, 616).

The Commissioner contends that, even if the above testimony is being credited as true, remand is appropriate because there was no hypothetical question posed during the vocational expert's testimony. (Dkt. #11 at 13). At step five in a disability determination, the burden shifts to the Social Security Administration to demonstrate that the claimant is not disabled and that he or she can engage in some type of substantial gainful activity that exists in "significant numbers" in the national economy. An ALJ may meet his burden under step five by propounding to a

REPORT AND RECOMMENDATION
PAGE - 11

vocational expert a hypothetical that is based on medical assumptions supported by substantial evidence in the record and that reflects all the claimant's limitations. *See Roberts v. Shalala,* 66 F.3d 179, 184 (9th Cir. 1995); *Magallanes,* 881 F.2d at 756. The ALJ's depiction of the claimant's impairments must be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel,* 180 F.3d 1094, 1101 (9th Cir. 1999).

Even though the ALJ did not pose a hypothetical to the vocational expert, the ALJ's questions were sufficient enough to allow the vocational expert to make a determination on Plaintiff's employability. Mr. Rodriguez, the vocational expert, testified that he was familiar Plaintiff's work history. (Tr. 621). Mr. Rodriguez also testified that he was familiar with the social security rulings that require employees to be on time and work all day in order to qualify for substantial gainful activity. (Tr. 622). The ALJ then asked Mr. Rodriguez if employers would tolerate missed work caused by continual flare-ups of fibromyalgia's symptoms. (Tr. 622). Mr. Rodriguez replied that employers would not tolerate continual absences caused by Plaintiff's flare-ups. (Tr. 623). Mr. Rodriguez stated this lack of tolerance applies to both Plaintiff's past relevant work and other light sedentary jobs in the national economy. (Tr. 623-24). Based upon Mr. Rodriguez's testimony, it is clear that the ALJ's questions were sufficient and Mr. Rodriguez was able to make a determination concerning Plaintiff's employability. Thus, even though the ALJ never posed a hypothetical, it is unnecessary to supplement the record with additional vocational expert testimony.

In light of Mr. Rodriguez's testimony and that the letter and testimony discussed above are to be credited as true, there are no outstanding issues that must be resolved before a determination of disability can be made.

Part 3: Is it clear from the record that the ALJ must find the claimant disabled?

The Court may direct an award of benefits where the record has been fully developed and

REPORT AND RECOMMENDATION
PAGE - 12

where further administrative proceedings would serve no useful purpose. *Swenson,* 876 F.2d at 689. Here, remanding this case for a fourth round of administrative proceedings will serve no useful purpose. The vocational expert's testimony confirms that Plaintiff can perform neither past relevant work nor other work in the national economy. Plaintiff was previously determined to be disabled with fibromyalgia from January 2000 to the present. Because Plaintiff's symptoms from December 1997 to the present are relatively unchanged, the record shows that Plaintiff was disabled with fibromyalgia from December 17, 1997 to January 2000.

## VIII. CONCLUSION

The Commissioner's decision to deny Plaintiff's application for DIB is not free of legal error and is not supported by substantial evidence. Accordingly, the undersigned recommends that the Commissioner's decision be reversed and the cased be remanded for an award of benefits. A proposed Order accompanies this Report and Recommendation.

DATED this 21st day of June, 2006.

MONICA J. BENTON
United States Magistrate Judge